In the Matter of OGDEN HOWARD FUR-NITURE CO., INC., a Delaware corporation and Ogden Howard 202, Inc., a Delaware corporation, Debtors.

Jonathan GAYL, Trustee in Bankruptcy of Ogden Howard Furniture Co., Inc., a Delaware corporation and Market Street Holding Company, Inc., a Delaware corporation, Plaintiffs,

v.

Thomas F. WATKINS, individually and trading as Apocalpytic Productions, and Xanadu Comics and Collectables, Inc., a Delaware corporation, Defendants.

Bankruptcy Nos. 82-210, 82-209.
Adv. No. 82-92.

United States Bankruptcy Court,
D. Delaware.

Nov. 3, 1983.

Marc Abrams, Young, Conaway, Stargatt & Taylor, Wilmington, Del., for plaintiffs.

John R. Weaver, Jr., Keith & Koffenberger, Wilmington, Del., for defendants.

## MEMORANDUM OPINION

HELEN S. BALICK, Bankruptcy Judge.

Jonathan Gayl, trustee of the Chapter 7 bankruptcy estate of Ogden Howard Furniture Co., Inc. filed suit against Thomas F. Watkins, individually and trading as Apocalpytic Productions, and Xanadu Comics and Collectables, Inc. for a money judgment and possession of premises at 2 W. 5th Street, Wilmington, Delaware. The basis of the plaintiff's complaint is that defendants materially breached the covenant to pay rent. The defendants counterclaimed to recover $5,800.34 for damages to their inventory of costumes and comic books caused by a leaky roof.

Market Street Holding Co., Inc., a wholly owned subsidiary of Ogden Howard, owns the building located at 2 W. 5th Street. Prior to January 1979, the defendants occupied the premises for approximately five years under a written lease or leases. Beginning January 1, 1979 they were in possession under an oral lease until September 1, 1981 when a written lease was signed for a term ending on December 31, 1983. The rental was originally $300 per month increasing to $330 in 1982 and $363 in 1983. At the time the lease was signed, the defendants were $2,600 in arrears. Watkins told David Toumarkine of Market Street Holding Co. that he intended to bring the rental payments current by December 31, 1981. In 1981, defendants did not make a

single rental payment on time or in the agreed upon amount. When received, the payments were first applied against the arrearages. The defendants' failure to meet their rental obligation under the written lease is a breach of their covenant to pay rent. They contend that they were excused from this obligation because of the landlord's failure to repair a leaky roof.

Defendants' assertion that they failed to pay rent because the landlord breached the covenant to repair is contradicted by their actions. The Landlord-Tenant Code provides remedies for an alleged breach of the covenant to repair: termination of the lease, 25 *Del.C.* §§ 5304, 5305; repair of the roof and deduction of rent, 25 *Del.C.* § 5306; or rent withholding, 2 Wilm.Code § 34. Defendants never attempted to legally redress the alleged breach. In fact they presented no evidence to indicate that rent was not paid because the roof leaked. Watkins testified that the roof leaked in 1978 or 1979. They executed the lease in September 1981 with full knowledge of the poor condition of the roof. As late as November 1982, two months after suit was filed, defendants attempted to cure all arrearages by offering to pay the trustee in full. Their sporadic payments suggest they paid whatever they could, whenever they could, in complete disregard of their obligation under the lease agreement.

The covenants of parties to lease agreements are mutual and dependent, 25 *Del.C.* § 5112(a). Because they are dependent, defendants' long history of deficiencies and irregular payments constitute a material breach of their covenant to pay rent that excused the landlord's obligation to repair. Consequently, plaintiff is entitled to a judgment for possession and back rent with interest on each installment from the due date. Defendants' counterclaim must be dismissed.

Settle order.